PUTNEY, TWOMBLY, HALL & HIRSON LLP

ESTABLISHED 1866

COUNSELORS AT LAW

521 FIFTH AVENUE

NEW YORK, NEW YORK 10175

(212) 682-0020

TELEFAX: (212) 682-9380

putneylaw.com

June 17, 2010

TAXPAYER I.D. NO. 13-5504670

**VIA ECF AND FIRST CLASS MAIL**

The Honorable Sandra L. Townes
United States District Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

Re:   Yahraes, et al. v. Restaurant Associates Events Corp., et al.
      Case No. CV 10-0935 (SLT)

Your Honor:

We represent defendants Amerivents, Scott Frain, James Della Pace and JKDella Sales Dimensions, Inc. ("Amerivents") in the above matter. We are authorized by Andrew Marks, Esq. to represent to Your Honor this letter is written on behalf of the remaining defendants as well. We write in response to the attached June 16, 2010 letter from plaintiffs to Magistrate Judge Gold filed yesterday by ECF, copies to all parties, seeking to proceed with discovery.

The parties appeared before Your Honor on June 8 regarding all defendants' request for a pre-motion conference to dismiss several counts of the Amended Complaint, motions that if granted would greatly reduce the scope of this suit and perhaps eliminate the Fair Labor Standards Act claim which provides the small hook for this Court's jurisdiction over several unrelated and significantly larger state law claims.

Beginning last year Amerivents fully cooperated with the NYS Department of Labor in its investigation of complaints regarding the allegations contained in this suit, and thereupon reached an Agreement with the Department of Labor (attached hereto and previously submitted to the Court in opposition to plaintiffs' motion for conditional class certifications), to pay the affected employees full restitution, as calculated by the Department, on a monthly schedule to be completed in October of this year, and has in fact to date paid $40,247,40 of the $185,247.40 amount in the Agreement.

Honorable Sandra L. Townes
June 17, 2010
Page 2

After we informed Your Honor of this Agreement (which had been agreed in principle before this suit was filed), Your Honor stayed the hearing on our motions to dismiss, stayed plaintiff's application for conditional certification of a class in this action, and addressed plaintiff's tolling argument stating "this stay is a stay ordered by the Court." (Tr., p. 12).

In adjourning all proceedings until November 19, Your Honor stated ". . . I want to know what is happening with the Department of Labor before we go any further." (Tr., p. 11).

Your Honor's intent, as seen by defendants, is logical and straightforward. It is wasteful of all parties' resources and attorneys' fees to move forward with extensive discovery on issues that may be moot in a few months time. There is no prejudice to plaintiffs from the stay of all proceedings. The employees work two and one-half weeks per year at the U.S. Open, and those who will return this year will be fully paid in accord with the regulations established by the Department of Labor.

The extensive discovery we believe is contemplated by plaintiffs at the present time would be counterproductive and serve no purpose. The FLSA is an attorney fee-based statute, and we submit the expenditure of plaintiff's fees at this juncture is unnecessary and wasteful.

Despite Your Honor's broad stay, plaintiffs' attorneys do not recognize what we believe is a stay of all proceedings, including discovery concerning matters that may well be disposed of if Your Honor grants defendants' motions which are currently stayed. Indeed, as a result of the stay, and in accord with Your Honor's Rules, defendants have not yet answered the Amended Complaint. Pre-answer discovery is inappropriate and wasteful in this action.

Accordingly, we seek guidance from the Court regarding the stay of proceedings, including the proceedings before Magistrate Judge Gold, and respectfully request that Your Honor clarify this entire action, including discovery, is stayed until November 19 by "So Ordering" this letter.

Respectfully submitted,

Jerome P. Coleman

Enclosures
cc:     Chief Magistrate Judge Steven M. Gold (via ECF)
        Andrew P. Marks, Esq. (via ECF)
        Judith Spanier, Esq. (via ECF)
        Mitchell Schley, Esq. (via ECF)

Honorable Sandra L. Townes
June 17, 2010
Page 3

SO ORDERED:

_____
United States District Judge



212 East 39th Street

New York, New York 10016                                                    JUDITH L. SPANIER

PHONE 212 889 3700                                                    jspanier@abbeyspanier.com

FAX 212 684 5191

www.abbeyspanier.com


June 16, 2010


**VIA ECF**


Chief Magistrate Judge Steven M. Gold
United States District Court
Eastern District of New York
225 Cadman Plaza East
Chambers 1217, Courtroom 13-D
Brooklyn, NY  11201

>        Re:     *Yahraes, et al. v. Restaurant Associates Events Corp., et al.*
>                Case No.  CV 10-0935 (SLT) (SMG)

Dear Judge Gold:

        We represent Plaintiffs in the above-captioned case.

        By order dated March 9, 2010, Docket No. 2, your Honor scheduled an initial conference for June 22, 2010 and ordered the parties to meet and confer prior to such conference. In accordance with that order, we write to advise the Court that defendants have not yet answered the amended complaint.

        On April 9, 2010, in accord with Judge Townes' individual practices, defendants requested a pre-motion conference in connection with anticipated Rule 12 motions. On June 8, 2010, Judge Townes conducted a pre-motion conference and continued the conference on defendants' motions to dismiss some (but not all) pending claims until November 19, 2010. Accordingly, no answers to the Complaint will be forthcoming in advance of the June 22, 2010 conference.   At the same time, Judge Townes stayed plaintiffs' motion for conditional certification of the Fair Labor Standards Act collective action claims (Counts 1-3 of the amended complaint), which motion had been fully briefed and referred to this Court, and tolled the statute of limitations for the members of the collective action.  A copy of the transcript of the June 8, 2010 conference is enclosed.

ABBEY SPANIER RODD & ABRAMS, LLP

Chief Magistrate Judge Steven M. Gold
June 16, 2010
Page 2 of 2


Plaintiffs have twice requested that defendants meet with them in accordance with the provisions of the Court's March 9, 2010 Order.  Defendants have declined those invitations urging that Judge Townes had stayed the entire case.  The transcript of the June 8, 2010 conference reveals that no such stay was discussed, requested or granted.  Plaintiffs intend to comply with the Court's March 9, 2010 Order and remain prepared to discuss this matter with defendants in accord with this Court's order and directions.

Respectfully submitted,

Judith L. Spanier


Enclosure

cc:   Hon. Sandra L. Townes, United States District Court Judge
      Mitchell Schley, Esq. (via ecf)
      Andrew P. Marks, Esq. (via ecf)
      Sara Danielle Sheinkin, Esq. (via ecf)
      Jerome P. Coleman, Esq. (via ecf)
      Joseph Cartafalsa, Esq. (via ecf)
      Michael Christopher Moon, Esq. (via ecf)



**New York State Department of Labor**
David A. Paterson, *Governor*
Colleen Gardner, *Acting Commissioner*

## AGREEMENT

I, James Della Pace, President of JKDella Sales Dimensions, Inc. dba Amerivents, located at 250 W 57th St, New York, NY 10107 and the New York State Department of Labor ("NYSDOL") agree as follows:

1. The Employer, James Della Pace, will make restitution for the unpaid overtime wages, the unpaid wages claim, and the deductions listed in the recapitulation sheet(s) previously provided to the Employer, JKDella Sales Dimensions, Inc., by the NYSDOL, in the amounts set forth for the individual employees for the time periods listed therein, in the aggregate amount of **$182,247.40**. The employer will also pay an additional **$3,000** penalty for its failure to maintain the required records and issue wage statements. The Employer will issue ·**7** checks/money orders payable to the **New York State Commissioner of Labor** for the total of the underpayment and the penalty for a total sum of **$185,247.40** in accordance with the following payment schedule:

| | |
|---|---|
| April 16, 2010 | $20,247.40 |
| May 14, 2010 | $20,000.00 |
| June 30, 2010 | $10,000.00 |
| July 31, 2010 | $10,000.00 |
| August 31, 2010 | $10,000.00 |
| September 30, 2010 | $10,000.00 |
| October 31, 2010 | $105,000.00 |

1. The Employer and the NYSDOL mutually desire to fully resolve and fully settle the investigation of the Employer without any admission of wrongdoing or liability by the Employer and therefore have entered into this Agreement to settle any potential claims against the Employer for unpaid overtime wages, unpaid wages, and/or deductions resulting from work performed by the employees of the Employer during the relevant period as listed in the recapitulation sheet dated 4-9-2010.

3. The Department shall not accept or assert against the Employer any additional wage claims from any employee whose name appears on the aforementioned recapitulation sheets issued by the NYSDOL, for the time period set forth for such employee in the recapitulation sheet.

JKDELLA SALES DIMENSIONS, INC./JAMES DELLA PACE ACKNOWLEDGE THAT THEY UNDERSTAND THAT FAILURE TO REMIT PAYMENT AS INDICATED ABOVE MAY, AT THE OPTION OF THE NYSDOL, RENDER THIS AGREEMENT VOID AND MAY RESULT IN THE MATTER BEING REMITTED TO THE COMMISSIONER OF LABOR FOR THE ISSUANCE OF AN "ORDER TO COMPLY" AND THE IMPOSITION OF THE MAXIMUM PENALTY AS PROVIDED BY LAW.

For the Employer:

_____
James Della Pace, President

For the NYSDOL:

_____
Rashid N. Allen, Senior Labor Standards Investigator