UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------- x
DANIEL B. YAHRAES, ET AL.,                    :
                                              :
                          Plaintiffs,         :       MEMORANDUM &
                                              :         ORDER
          -against-                           :       10-CV-935 (SLT)
                                              :
RESTAURANT ASSOCIATES EVENTS CORP., ET        :
AL.,                                          :
                                              :
                          Defendants.         :
------------------------------------------------------------------- x
GOLD, STEVEN M., U.S.M.J.:

Plaintiffs, on behalf of themselves and others similarly situated, bring this action, *inter alia*, to recover unpaid overtime wages pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq*. Plaintiffs worked as "suite attendants" at the U.S. Tennis Open, which occurs every year in late August to early September. Currently before the court is plaintiffs' motion seeking equitable tolling of their 2007 FLSA claims.[1] Docket Entry 96.

During oral argument on plaintiffs' motion to certify that this case may proceed as a collective action pursuant to 29 U.S.C. § 216(b), I questioned whether the 2007 FLSA claims, even assuming that defendants' violation was willful, were still viable or were now time-barred.[2] Plaintiffs conceded that, although United States District Judge Sandra L. Townes had granted a stay and tolled the limitations period for approximately 160 days, the 2007 claims were set to expire within a week. 02/09/11 Oral Arg. Tr. ("Tr.") 5-6, Docket Entry 97. Plaintiffs then filed the instant motion, seeking to toll the limitations period to permit the 2007 claims of potential opt-in plaintiffs, who only recently received notice of their possible claims for unpaid wages, to proceed.

---

[1] By letter dated February 17, 2011, the parties consented to have me decide the motion. Docket Entry 98.

[2] A willful violation extends the statute of limitations from two to three years. 29 U.S.C. § 255(a)

DISCUSSION

*A.     Standard*

The FLSA provides for a two-year statute of limitations generally, with an additional one-year extension for willful violations. 29 U.S.C. § 255(a). In a FLSA collective action, the statute of limitations runs for each plaintiff until he files written consent with the court to join the lawsuit. *Id*. § 256(b). Thus, unlike the statute of limitations in a Rule 23 class action which is tolled for all putative class members upon the filing of the complaint, the limitations periods in a FLSA action continues to run until an individual affirmatively opts into the action. Moreover, "[s]igned consents do not relate back to the original filing date of the complaint." *Lee v. ABC Carpet & Home*, 236 F.R.D. 193, 199 (S.D.N.Y. 2006). Nonetheless, the court has the discretion to equitably toll the limitations period.

Federal courts should grant equitable tolling "sparingly," *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96 (1990), and "only . . . in [ ] rare and exceptional circumstance[s]," *Zerilli-Edelglass v. New York City Transit Auth.*, 333 F.3d 74, 80 (2d Cir. 2003) (alteration in original) (internal quotation marks omitted). Equitable tolling is generally reserved for situations "where the claimant has actively pursued his judicial remedies by filing a defective pleading during the statutory period, or where the complainant has been induced or tricked by his adversary's misconduct into allowing the filing deadline to pass." *Irwin*, 498 U.S. at 96. Nevertheless, "[a] statute of limitations may be tolled as necessary to avoid inequitable circumstances." *Iavorski v. U.S. Immigration & Naturalization Serv.*, 232 F.3d 124, 129 (2d Cir. 2000). In determining whether equitable tolling is warranted, the Second Circuit has stated that a court "must consider whether the person seeking application of the equitable tolling doctrine (1) has acted with reasonable diligence during the time period she seeks to have tolled, and (2) has

proved that the circumstances are so extraordinary that the doctrine should apply." *Zerilli-Edelglass*, 333 F.3d at 80-81 (internal quotation marks omitted).

The delay caused by the time required for a court to rule on a motion, such as one for certification of a collective action in a FLSA case, may be deemed an "extraordinary circumstance[]" justifying application of the equitable tolling doctrine. *See Abadeer v. Tyson Foods, Inc.*, 2010 WL 5158873, at *2-4 (M.D. Tenn. Dec. 14, 2010); *Israel Antonio-Morales v. Bimbo's Best Produce, Inc.*, 2009 WL 1591172, at *1 (E.D. La. Apr. 20, 2009) (collecting cases for the proposition that "[c]ourts routinely grant equitable tolling in the FLSA collective action context to avoid prejudice to actual or potential opt-in plaintiffs that can arise from the unique procedural posture of collective actions"); *Stickle v. Sciwestern Mkt. Support Ctr.*, 2008 WL 4446539, at *22 (D. Ariz. Sept. 30, 2008) (collecting cases); *Owens v. Bethlehem Mines Corp.*, 630 F. Supp. 309, 312 (S.D.W.V. 1986). *But see Hintergerger v. Catholic Health Sys.*, 2009 WL 3464134, at *14-15 (W.D.N.Y. Oct. 21, 2009) (denying tolling for the time period while certification motion was pending).

B.  *Analysis*

Plaintiffs argue for equitable tolling primarily on the ground that they have diligently pursued their claims and, through no fault of their own, have been frustrated in their attempts to send notice any sooner to potential 216(b) opt-in plaintiffs.[3]  Docket Entry 96.  I find that the

---

[3] Plaintiffs also argue that equitable tolling is warranted because of defendants' misclassification of 2007 and 2008 suite attendants as "independent contractors." Docket Entry 102. Independent contractors are not covered by the FLSA and have no rights under the FLSA. 29 U.S.C. §§ 206(a), 207(a)(1) (requiring "employers" to pay minimum and overtime wages to "employees"). Thus, plaintiffs argue, the collective class did not have notice of their FLSA rights until receipt of the 216(b) notice. Docket Entry 102. Because I find equitable tolling is warranted on other grounds, and in light of the split among courts whether a failure to give notice of FLSA rights warrants equitable tolling, *see Ramirez v. Rifkin*, 568 F. Supp. 2d 262, 269-70 (E.D.N.Y. 2008) (citing cases), I decline to address this argument. *See also Gustafson v. Bell Atlantic Corp.*, 171 F. Supp. 2d 311, 323 (S.D.N.Y. 2001) (rejecting plaintiff's argument for equitable tolling because he was aware of his classification as an independent contractor and thus should have known of his FLSA cause of action).
  In addition, plaintiffs contend that Judge Townes' tolling is still ongoing. Docket Entries 96, 102. For the reasons just stated, I do not reach this question either.

circumstances of this case, and in particular plaintiffs' diligence in pursuing the FLSA claims on behalf of putative opt-ins, warrant equitable tolling to avoid an inequitable result. A discussion of the procedural history of this case will explain the "extraordinary circumstances" present here that justify tolling.

Less than one month after filing an amended complaint, plaintiffs filed a fully-briefed motion to certify the collective action.[4] Docket Entries 33-39. In their opposition to plaintiffs' certification motion, defendants noted that one of the defendants, Amerivents, had recently entered into an agreement with the New York State Department of Labor ("NYSDOL") to pay unpaid wages. Docket Entry 41 at 14. During a conference in June, 2010, Judge Townes issued a stay of the proceedings until November 19, 2010, to await the result of the NYSDOL investigation. The parties agree that plaintiffs' claims were tolled for approximately 160 days while the stay was in place. *See* Docket Entry 102 n.3 (stating that 160 days is "the minimum undisputed number of days the statute of limitations was tolled"); *see also* Tr. 5.

After the stay was lifted, defendants requested leave to re-brief their opposition to the certification motion, and sought to defer the certification motion until Judge Townes decided their motion to dismiss, which had not yet even been filed.[5] Docket Entry 81. During a telephone conference held in December, 2010, I set a short briefing schedule for the certification motion, with the fully-briefed motion due at the end of January, 2011. At the oral argument held on February 9, 2011, I granted plaintiffs' motion for certification of the collective action.

This procedural history demonstrates that plaintiffs have vigorously pursued their claims and, through no fault of their own, have been delayed in prosecuting their action and distributing

---

[4] Plaintiffs originally filed this action on March 3, 2010, and promptly served the defendants. In lieu of answers, defendants filed pre-motion conference applications in anticipation of their motions to dismiss. Plaintiffs then filed an amended complaint on April 30, 2010 and defendants renewed their application for a pre-motion conference.

[5] Defendants' opening brief in support of their motion to dismiss was served on February 22, 2011. Docket Entry 103. The motion will not be fully briefed until April 19, 2011. Docket Entry 90.

216(b) notice to potential opt-in plaintiffs. Moreover, defendants' actions – re-briefing the certification motion, seeking to defer certification in anticipation of dispositive motions, and failing to produce documents in connection with the NYSDOL investigation[6] – have frustrated plaintiffs' diligent attempts to ensure that claims did not expire. I attribute no trickery or wrongdoing on the part of defendants. I do, however, conclude that defendants will not be prejudiced by any tolling because they have been on notice since the complaint was served in March, 2010, that they were potentially liable for 2007 FLSA claims. Accordingly, in the interest of fairness, I find equitable tolling is warranted from the date plaintiffs served their original certification motion, May 3, 2010, to June 8, 2010, the date Judge Townes issued the stay (a period of 37 days), and from the date plaintiffs re-filed their certification motion, December 17, 2010, to February 9, 2011, the date I granted it (a period of 55 days). The additional 92 days will permit any collective member who timely opts in to maintain a FLSA claim based on wages allegedly due for labor performed in September, 2007, assuming plaintiffs establish defendants' willful violation of the statute.[7]

## CONCLUSION

For the reasons stated above, I find equitable tolling of plaintiffs' FLSA claims warranted in light of the procedural history of this case.

**SO ORDERED.**

_____/s/_____
**STEVEN M. GOLD**
**United States Magistrate Judge**

Dated: Brooklyn, New York
      March 8, 2011
*U:\eoc 2011\yahraes tolling.docx*

---

[6] During oral argument on the certification motion, counsel for plaintiffs stated that she had repeatedly sought documents pertaining to the NYSDOL proceedings but that defendants had not produced them. Tr. 42-46.

[7] The 216(b) notice requires opt-in plaintiffs to file their consent no later than May 2, 2011.

5