UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---------------------------------X

DANIEL B. YAHRAES, et al.,

Plaintiffs,

v.

RESTAURANT ASSOCIATES EVENTS, CORP., et al.,

Defendants.

---------------------------------X

10-CV-935 (MKB)

225 Cadman Plaza East
Brooklyn, New York

May 18, 2012

TRANSCRIPT OF CIVIL CAUSE FOR SETTLEMENT CONFERENCE
BEFORE THE HONORABLE STEVEN M. GOLD
UNITED STATES MAGISTRATE JUDGE

APPEARANCES:

For the Plaintiffs: JUDITH SPANIER, ESQ.
Abbey, Spanier, Rodd & Abrams
212 East 39th Street
New York, New York 10016

LLOYD ROBERT AMBINDER, ESQ.
Virginia & Ambinder
111 Broadway
New York, New York 10006

For the Defendants: ANDREW P. MARKS, ESQ.
Littler Mendelson PC
900 Third Avenue
New York, New York 10022

JEROME PATRICK COLEMAN, ESQ.
JOSEPH CARTAFALSA, ESQ.
Putney, Twombly, Hall & Hirson
521 Fifth Avenue
New York, New York 10175

Court Transcriber: SHARI RIEMER
TypeWrite Word Processing Service
211 N. Milton Road
Saratoga Springs, New York 12866

Proceedings recorded by electronic sound recording, transcript produced by transcription service

THE COURT: This is Civil Cause for Settlement Conference, Yahraes v. Restaurant Associates, et al., 10-CV-935.

Let me have appearances for the punitive class plaintiffs.

MS. SPANIER: Judith Spanier, Abbey Spanier for punitive class plaintiffs and individual -- the named plaintiffs, the Hanagarnes whose name is in the caption.

THE COURT: Thank you. And your co-counsel is here as well?

MR. SCHLEY: Yes, Mitchell Schley, Law Offices of Mitchell Schley, same individuals.

THE COURT: All right. And the original first named punitive class representative Daniel Yahraes remains in the case but through new counsel. Please note your appearance.

MR. AMBINDER: Lloyd Ambinder with the firm of Virginia & Ambinder.

THE COURT: Thank you, Mr. Ambinder. For Restaurant Associates and its related defendants, if any.

MR. MARKS: The law firm of Littler Mendelson by Andrew Marks.

THE COURT: And who's with you today, Mr. Marks?

MR. MARKS: I have Jennifer McConnell of Compass Group.

THE COURT: Thank you. And for Amerivents and any

related defendants.

MR. CARTAFALSA: Putney, Twombly, Hall & Hirson by Joe Cartafalsa.

MR. COLEMAN: And Jerome Coleman.

THE COURT: And with you today?

MR. COLEMAN: James Della Pace.

THE COURT: So we have been discussing settlement for about three and a quarter hours together today and it is not the first long session we've devoted to it but I think we have reached an agreement and I would like to state its essential terms on the record not to create an enforceable written instrument because it contemplates procedures that we all have to go through before we get to that point but sort of as a placeholder so we know what we've agreed to today and can look back going forward lest there be any confusion.

The total settlement fund that's been agreed to is the amount of $600,000.00. That fund will be funded by $300,000.00 contributions from Restaurant Associates and Amerivents for a total of $600,000.00. That amount includes any claims for attorney's fees, any claims of any named plaintiffs for any special payments, and the costs of administering the class proceedings and settlement proceedings that are anticipated by the parties.

Although there was some discussion of a reverter provision in the agreement during our negotiations there is no

provision for a reverter agreement in the final agreement reached by the parties.

The parties contemplate that they will consent to adjudication -- reassignment for all purposes to this magistrate judge, that they will submit a motion for preliminary approval of class certification and the settlement terms on consent, that they will use their best efforts to agree upon an appropriate notice to the class, and to schedule a fairness hearing sometime in the fall or latter part of 2012.

It is anticipated that all claims asserted in this lawsuit will be released. It is anticipated that that includes any cross-claims between the defendants and it is expected that the plaintiffs will not pursue any claims for the wages or tips at issue and described in the complaint in this lawsuit in any way that implicates these defendants before the court today once this settlement is consummated.

There was mention, and I don't know, Ms. Spanier, if you referenced what you said to me in passing as the defendants were joining us, but I think it was understood that this agreement is reached and will be binding without regard to any legislative changes that may or may not occur concerning the use of the language service charge in an agreement between a supplier of services and its clients.

Ms. Spanier, have I captured the essential terms

we've agreed to today accurately and they are acceptable to you as a representative for the punitive class?

MS. SPANIER: Yes, you have, Your Honor.

THE COURT: Mr. Ambinder, with respect to Mr. Yahraes, are these consistent with the understanding he had when he agreed to these terms?

MR. AMBINDER: Yes, Your Honor.

THE COURT: Mr. Marks, have I described the Restaurant Associate defendant's agreement accurately?

MR. MARKS: Yes, Your Honor.

THE COURT: Is there anything you would add to it in any way?

MR. MARKS: No, thank you.

THE COURT: Mr. Cartafalsa, what about with respect to Amerivents?

MR. CARTAFALSA: Yes, Your Honor. We have nothing to add.

THE COURT: All right. Mr. Ambinder, we didn't pick you up on the record but you agree that Mr. Yahraes finds these terms acceptable as well; correct?

MR. AMBINDER: Yes, I do, Your Honor.

THE COURT: Thank you, Mr. Ambinder.

What I'd like you -- we have some interstitial dates now to fill in that if counsel want to sit here and do that now it's fine with me and I'll come back in another twenty or

thirty minutes and put them on the record but if you'd like to consult your calendars and some of the staff that might be employed to accomplish them I have no objection to getting a letter from you in two weeks that has a stipulated schedule for the motion for preliminary approval. I think the 216(b) process is over in this case. Have we ever sent out a 216(b) notice?

MS. SPANIER: We have, Your Honor.

THE COURT: So we're now left with all of the Rule 23 acuchamons that follow a class action settlement and I'd like to see a joint proposed schedule in two weeks and maybe you can file a consent form at the same time so that I can be the one to review and approve it instead of asking Judge Brodie to get acquainted with these turbulent waters.

Is there anything else anybody wants to raise before we adjourn for the day?

MS. SPANIER: Your Honor, we simply want to thank you for your efforts in this mediation on the record.

THE COURT: It's a pleasure. When you have capable well prepared even tempered attorneys coming to work is a joy. And with you guys it's not so bad either. It's still sunny out. Enjoy the afternoon. Take care.

* * * * *

I certify that the foregoing is a court transcript from an electronic sound recording of the proceedings in the above-entitled matter.

Shari Riemer

Dated: August 1, 2012