UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------x
DANIEL B. YAHRAES, KYLE
HANAGRENE, and ELLIE HANAGRENE,
on behalf of themselves and all others
similarly situated,

                Plaintiffs,                                   <u>Memorandum</u>
                                                                      10-CV-935 (MKB) (SMG)

   -against-

RESTAURANT ASSOCIATES EVENTS
CORP., RA TENNIS CORPORATAION,
LEVY RESTAURANTS, INC.,
AMERIVENTS, SCOTT FRAIN, JAMES
DELLA PACE and JKDELLA SALES
DIMENSIONS, INC.,

                Defendants.
-------------------------------------------------------x
*Gold, S., United States Magistrate Judge*:

## INTRODUCTION

      Plaintiffs, on behalf of themselves and as representatives of a class composed of "[a]ll persons who worked as Luxury Suite Attendants at the Arthur Ashe Stadium at the National Tennis Center immediately prior to and during any of the 2004-2009 U.S. Opens," bring this action asserting various wage and hour violations of the federal Fair Labor Standards Act and the New York Labor Law. Plaintiffs' FLSA claims are brought as a collective action pursuant to 29 U.S.C. § 216(b), and their NYLL claims have been certified as a class action for settlement purposes pursuant to Federal Rule of Civil Procedure 23.

      After two lengthy settlement conferences with the Court, the parties reached an agreement to resolve this case for the total amount of $600,000. Plaintiffs have now filed a motion for an order of final approval. Docket Entry 221. With the consent of the parties, the motion is before me for decision. Docket Entry 214.

Of the $600,000 settlement amount, $155,000 is allocated to attorney's fees, $28,222.75 to disbursements, $14,000 to the costs of notice and administration of the settlement, and $6000 as service awards of $2000 to each of the three named plaintiffs. This leaves $396,777.25 as compensation for the class. The attorney's fee award constitutes approximately 26% of the total recovery and amounts to less than half of the lodestar amount calculated by plaintiffs' counsel. This lodestar amount is based on reasonable hourly rates and does not account for approximately 200 hours of time devoted by Judith Spanier, who participated very actively -- and very capably -- in the litigation and mediation of the case.

During a conference held on October 10, 2012, I granted the parties' joint motion for preliminary approval of the settlement and, with subsequent amendments not relevant here, approved a form of notice to the absent class members and scheduled today's fairness hearing. Docket Entry 215. There have been no objections submitted by absent class members in advance of the hearing, and none have been raised today at the hearing itself.

## DISCUSSION

Federal Rule of Civil Procedure 23(e) requires notice to class members and judicial approval of any class settlement. The court may approve a class action settlement only upon a finding that the settlement is both procedurally and substantively fair, reasonable, and adequate. Fed. R. Civ. P. 23(e)(2); *see also McReynolds v. Richards-Cantave*, 588 F.3d 790, 804 (2d Cir. 2009); *City of Detroit v. Grinnell Corp.*, 495 F.2d 448, 463 (2d Cir. 1974), *abrogated on other grounds by Goldberger v. Integrated Res., Inc.*, 209 F.3d 43 (2d Cir. 2000)) (outlining factors for courts to consider in determining the substantive fairness of proposed settlements).

There is "a presumption of fairness, reasonableness, and adequacy as to the settlement where a class settlement [is] reached in arm's-length negotiations between experienced, capable

counsel after meaningful discovery." *McReynolds*, 588 F.3d at 803 (internal quotation marks omitted). Moreover, there is a "strong judicial policy" and public policy in favor of class settlements. *Wal-Mart Stores, Inc. v. Visa U.S.A., Inc.*, 396 F.3d 96, 116-17 (2d Cir. 2005). Here, plaintiffs engaged in extensive discovery, having obtained a substantial number of documents and taken several depositions. Moreover, I presided at the settlement conferences that led to the resolution of the case, and am satisfied that the negotiations were conducted at arms-length by well-informed and well-prepared counsel.

A court determines whether a proposed settlement is substantively fair by considering the following *Grinnell* factors:

> (1) the complexity, expense and likely duration of the litigation; (2) the reaction of the class to the settlement; (3) the stage of the proceedings and the amount of discovery completed; (4) the risks of establishing liability; (5) the risks of establishing damages; (6) the risks of maintaining the class action through the trial; (7) the ability of the defendants to withstand a greater judgment; (8) the range of reasonableness of the settlement fund in light of the best possible recovery; (9) the range of reasonableness of the settlement fund to a possible recovery in light of all the attendant risks of litigation.

*McReynolds*, 588 F.3d at 804 (citing *Grinnell*, 495 F.2d at 463 (internal citations omitted)); *see also Wal-Mart Stores*, 396 F.3d at 118-19 (combining the fourth, fifth and sixth factors and combining the eighth and ninth factors).

These factors weigh heavily in favor of finding the proposed settlement fair. This case involves a degree of complexity, insofar as the employment practices at issue varied somewhat from year to year, as did the identity of the relevant employer. The reaction of the class to the settlement agreement has been positive; no objections have been filed. As noted above, the parties had engaged in extensive discovery that was more than sufficient to allow counsel to make a well-informed decision about the fairness of the settlement. Plaintiffs faced significant

risks in establishing liability and damages at trial, particularly in light of the payments already made pursuant to a settlement with the Department of Labor and with respect to plaintiffs' claim to be entitled to a 21% service charge collected by defendants. Plaintiffs' motion for class certification had not yet been decided when the settlement agreement was reached. It appeared during the mediation that at least one defendant, Amerivents, would likely fact substantial difficulty satisfying a larger judgment. Finally, the best possible resolution is difficult to calculate with precision, and the actual amounts each class member will receive are impossible to calculate until the number of participating class members is known. However, in light of the risks of litigation, and based on my participation in the two conferences that led to the parties' agreement, I am satisfied that the settlement is a fair and reasonable resolution of the class claims. I reach the same conclusion, for the same reasons, with respect to the settlement of the collective FLSA action.

## CONCLUSION

For all these reasons, plaintiffs' motion for an Order finally approving the settlement and for an award of attorney's fees and expenses and service awards is granted. The parties will submit a proposed final order as indicated on the record of today's fairness hearing by January 18, 2013.

SO ORDERED.

_____/s/_____
STEVEN M. GOLD
United States Magistrate Judge

Brooklyn, New York
January 10, 2013

*U:\eoc 2012YAHRAES 011013.docx*